# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **LI YUE, SHUAN WEI, AND THEIR CONJUGAL PARTNERSHIP**<br><br>Plaintiffs<br><br>vs.<br><br>**ROYALE BLUE HOSPITALITY, L.L.C. d/b/a EL CONQUISTADOR RESORT; LIBERTY MUTUAL INSURANCE COMPANY; CORPORATIONS ABC; JOHN AND JANE DOE; INSURANCE COMPANIES ABC**<br><br>Defendants | CIVIL NO:<br><br>Subject: **Personal Injury; Diversity**<br>**Jury Trial** |

## COMPLAINT

COME NOW the plaintiffs, Li Yue ("**Ms. Yue**"), Shuan Wei ("**Mr. Wei**") and their conjugal partnership, (the "**Conjugal-Partnership**") through their undersigned legal representation and respectfully **ALLEGE**, **STATE** and **PRAY**:

### I.     JURISDICTION

1.     The diversity jurisdiction of this Court is invoked under the provisions of Title 28 of the United States Code, Section 1332 (a) (1), and Article III of the Constitution of the United States, inasmuch as this is a civil action that involves an amount in controversy in excess of seventy-five thousand dollars, exclusive of interest and costs, and every issue of law and fact alleged herein is wholly between citizen of different states.

### II.     PARTIES

2.     Plaintiffs Yue, Wei and the Conjugal-Partnership are residents of Princeton, New Jersey.

1

3. Co-defendant Royale Blue Hospitality, L.L.C., d/b/a El Conquistador Resort ("**Royale**") is a limited liability company under the laws of Puerto Rico, with its principal place of business located at University Gardens, 1010 Harvard Street, San Juan, PR, 00927. According to information and belief, Royale owns and/or operates El Conquistador Resort ("**El Conquistador**") in Fajardo, Puerto Rico. Royale is responsible for maintaining safe conditions on its premises.

4. Co-defendant Liberty Mutual Insurance Company ("**Liberty**") is an insurance company licensed by the Insurance Commissioner of Puerto Rico. Liberty is jointly and severally liable to the plaintiffs because upon information and/or belief at the time of the facts alleged in this lawsuit it had issued and had in force insurance policies in favor of co-defendant Royale.

5. Co-defendants Corporations ABC are unknown entities who, according to information and belief, either own or operate El Conquistador. Plaintiffs will amend this Complaint to include the names of these corporations once they are ascertained.

6. Co-defendants John Doe and Jane Doe are unknown individuals who, on information and belief, were responsible for the ownership, operation, or management of El Conquistador and/or for maintaining the property in a safe condition. Plaintiffs will amend this Complaint to substitute their true names once they are ascertained.

7. Co-defendants Insurance Companies ABC are the insurers of El Conquistador and/or its operators. Their identities are currently unknown to Plaintiffs. Plaintiffs will amend this Complaint to include their identities once they are ascertained.

8. All the defendants are citizens of, domiciled in, and/or have their principal place of business in the Commonwealth of Puerto Rico.

### III. FACTS

9. On January 2, 2024, Ms. Yue and Mr. Wei checked into El Conquistador as guests.

10. While walking through the courtyard near the fire pit to return to her room (Room 3407), Ms. Yue encountered poorly lit stairs.

11. The staircase consisted of two flights of five steps each, with insufficient lighting, making the first step indistinguishable from the second step.

12. Ms. Yue missed the first step and fell, suffering significant physical trauma, including injuries to her thigh, knee, foot, arm, and right wrist.

13. Multiple witnesses, including Mr. Wei and bystanders, rushed to her assistance.

14. Ms. Yue filed an incident report at the front desk and received basic first aid. However, the staff failed to provide necessary medical supplies such as wrist braces.

15. Ms. Yue's injuries escalated, resulting in significant pain and swelling in her wrist. Despite multiple requests for assistance, the hotel staff failed to provide adequate support or medical supplies.

16. The injuries disrupted the Plaintiffs' vacation, rendering Ms. Yue unable to participate in planned activities, and caused severe pain and emotional distress.

17. Upon returning home, Ms. Yue sought medical treatment, including MRI imaging, occupational therapy, and consultations with specialists. She was diagnosed with a partial ligament tear, bone bruises, and arthrosis, requiring extensive therapy.

18. To date, Ms. Yue continues to suffer from physical pain and emotional distress. Also Ms. Yue is and will be precluded from engaging in normal activities and pursuits, including a loss of ability to earn money and of actual earnings.

19. Mr. Wei has suffered a loss of consortium due to the injuries sustained by his wife.

20. The Conjugal-Partnership suffered financial strain due to medical expenses and lost profits.

## IV. CAUSES OF ACTION

### COUNT I: NEGLIGENCE

21. Plaintiff re-alleges and incorporates all preceding paragraphs.

22. Defendants, individually and collectively, had a duty to maintain the premises in a reasonably safe condition and to warn invitees of any dangerous conditions.

23. Defendants breached their duty by failing to:

   a. Failing to provide adequate lighting on the staircase.

   b. Neglecting to mark the steps with visible safety indicators.

   c. Failing to inspect and correct hazardous conditions.

   d. Failing otherwise to comply with the applicable laws and regulations of the Commonwealth of Puerto Rico and the applicable Federal laws and regulations.

   f. Otherwise failing to exercise the degree of care required under the circumstances and otherwise being negligent.

24. As a proximate result of Defendants' negligence, Plaintiffs have suffered the injuries and damages described herein.

### COUNT II: PREMISES LIABILITY

25. Plaintiff incorporates all preceding paragraphs.

26. Defendants owned, operated, or controlled the premises and had a duty to maintain safe conditions for invitees.

27. The unlit staircase created a foreseeable hazard, and Defendants failed to address or warn of this condition.

28. Ms. Yue's injuries were a direct result of Defendants' failure to maintain a safe environment.

### COUNT III: DIRECT ACTION AGAINST DEFENDANTS' INSURERS

29. Plaintiff re-alleges and incorporates all preceding paragraphs.

30. Pursuant to Puerto Rico's Direct-Action Statute, 26 L.P.R.A. § 2003, Plaintiff brings this claim directly against Defendants Insurance Company A, Insurance Company B, and Insurance Company C.

31. Upon information and belief, these insurers provided coverage for the acts or omissions alleged herein, including liability for personal injuries caused by Defendants' negligence.

### V. DAMAGES

32. Plaintiff seeks compensatory damages for the following:

   a. Past and future medical expenses.

   b. Pain and suffering.

   c. Emotional distress.

   d. Lost enjoyment of life and disruption to vacation plans.

   e. Loss of consortium.

   f. Loss of profits in an amount in excess of twenty thousand dollars $20,000.00.

   g. Other damages to be proven at trial.

   h. Any other damage as the Court deems just and proper.

### VI.   DEMAND FOR JURY TRIAL

33. Under Fed. R. Civ. P. 38, the Plaintiffs demands trial by jury of all issues in this case.

34. To the extent the Defendants deny liability for the negligent acts and commissions alleged herein, they act with obstinacy and temerity and are therefore liable for prejudgment interest and attorney's fees.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a. Compensatory damages in an amount to be determined at trial but exceeding $75,000.00.

b. Costs of this action, including attorneys' fees.

c. Judgment against Defendants.

d. Such other and further relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED** on this 19th day of December 2024.

> **CASTAÑER & BAELLA LLC**
> 771 Cll 1, Ste 204
> San Juan, PR 00920
> Tel. (787) 707-0802
> Fax:1(888) 227-5728
> rbaella@castanerlaw.com
> Attorneys for Plaintiffs
>
> **s/Rafael O. Baella-Ors**
> (U.S.D.C. P.R. #219504)